IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SAMUEL GORDON ARCHITECTS, P.C.     :     CIVIL ACTION NO.
on behalf of itself and all others :     2:05-cv-00510 MAM
similarly situated                 :
                                   :
                                   :
                v.                 :
                                   :
AMERICAN STANDARD COMPANIES,       :
MASCO CORPORATION and              :
GROHE AMERICA, INC.                :
_____


WATERTOWN PLUMBING AND HEATING     :     CIVIL ACTION NO.
SUPPLY COMPANY, INC.               :     2:05-cv-00535 MAM
individually and on behalf of a    :
class of all those similarly       :
situated                           :
                                   :
                                   :
                v.                 :
                                   :
AMERICAN STANDARD COMPANIES, INC., :
MASCO CORPORATION and DELTA FAUCET :
COMPANY                            :
_____


REPUBLIC PLUMBING SUPPLY COMPANY,  :     CIVIL ACTION NO.
INC. individually and on behalf    :     2:05-cv-00537 MAM
of a class of all those similarly  :
situated                           :
                                   :
                v.                 :
                                   :
AMERICAN STANDARD COMPANIES, INC., :
MASCO CORPORATION and DELTA FAUCET :
COMPANY                            :
_____


1

```
THAMES VALLEY WINNELSON COMPANY    :    CIVIL ACTION NO.
on behalf of itself and all others :    2:05-cv-00565 MAM
similarly situated                 :
                                   :
              v.                   :
                                   :
AMERICAN STANDARD COMPANIES, INC., :
MASCO CORPORATION and DELTA FAUCET :
COMPANY                            :
_____


EAST COAST PETROLEUM, CORP.        :    CIVIL ACTION NO.
individually and on behalf of a    :    2:05-cv-00585 MAM
class of all those similarly       :
situated                           :
                                   :
              v.                   :
                                   :
AMERICAN STANDARD COMPANIES, INC., :
MASCO CORPORATION and DELTA FAUCET :
COMPANY                            :
_____


JERMOR PLUMBING & HEATING, INC.    :    CIVIL ACTION NO.
on behalf of itself and all others :    2:05-cv-00626 MAM
similarly situated                 :
                                   :
              v.                   :
                                   :
AMERICAN STANDARD COMPANIES, INC., :
MASCO CORPORATION, GROHE AMERICA,  :
INC. and DELTA FAUCET COMPANY      :
_____


COLONIAL SUPPLY CORPORATION        :    CIVIL ACTION NO.
individually and on behalf of a    :    2:05-cv-00677 MAM
class of all those similarly       :
situated                           :
                                   :
              v.                   :
                                   :
AMERICAN STANDARD COMPANIES, INC., :
MASCO CORPORATION and DELTA FAUCET :
COMPANY                            :
_____
```

2

BIS BIS IMPORTS BOSTON, INC.          :     CIVIL ACTION NO.
individually and on behalf of a       :     2:05-cv-00678 MAM
class of all those similarly          :
situated                              :
                                      :
                                      :
              v.                      :
                                      :
AMERICAN STANDARD COMPANIES, INC.,    :
MASCO CORPORATION and DELTA FAUCET    :
COMPANY                               :
_____

SCHAEFFER PLUMBING SUPPLY COMPANY,    :     CIVIL ACTION NO.
INC. on behalf of itself and all      :     2:05-cv-00689 MAM
others similarly situated             :
                                      :
                                      :
              v.                      :
                                      :
AMERICAN STANDARD COMPANIES,          :
MASCO CORPORATION and GROHE           :
AMERICA, INC.                         :
_____

SECURITY SUPPLY COMPANY on behalf     :     CIVIL ACTION NO.
of itself and all others similarly    :     2:05-cv-00774 MAM
situated                              :
                                      :
                                      :
              v.                      :
                                      :
AMERICAN STANDARD COMPANIES, INC.,    :
MASCO CORPORATION, DELTA FAUCET       :
COMPANY and GROHE AMERICA, INC.       :
_____

DONATUCCI KITCHENS AND APPLIANCES     :     CIVIL ACTION NO.
                                      :     2:05-cv-00801 MAM
                                      :
                                      :
              v.                      :
                                      :
AMERICAN STANDARD COMPANIES, INC.,    :
GROHE AMERICA, INC., MASCO            :
CORPORATION and DELTA FAUCET          :
COMPANY                               :
_____

3

```
G.J. OLSON ARCHITECTS on behalf     :     CIVIL ACTION NO.
of itself and all others similarly  :     2:05-cv-00869 MAM
situated                            :
                                    :
               v.                   :
                                    :
AMERICAN STANDARD COMPANIES,        :
MASCO CORPORATION and GROHE         :
AMERICA, INC.                       :
_____


TRUMBULL INDUSTRIES, INC.           :     CIVIL ACTION NO.
on behalf of itself and others      :     2:05-cv-01044 MAM
similarly situated                  :
                                    :
               v.                   :
                                    :
AMERICAN STANDARD COMPANIES, INC.,  :
MASCO CORPORATION, GROHE AMERICA,   :
INC. and DELTA FAUCET COMPANY       :
_____


OWNER SUPPLIED, LLC on behalf of    :     CIVIL ACTION NO.
itself and all others similarly     :     2:05-cv-01065 MAM
situated                            :
                                    :
               v.                   :
                                    :
AMERICAN STANDARD COMPANIES, INC.,  :
MASCO CORPORATION and DELTA FAUCET  :
COMPANY                             :
_____

NORTH SHORE FAUCETS, INC. on        :     CIVIL ACTION NO.
behalf of itself and all others     :     2:05-cv-01075 MAM
similarly situated                  :
                                    :
               v.                   :
                                    :
AMERICAN STANDARD COMPANIES,        :
MASCO CORPORATION and GROHE         :
AMERICA, INC.                       :
_____
```

4

```
THE PLUMBING SOURCE, INC. on      :    CIVIL ACTION NO.
behalf of itself and all others   :    2:05-cv-01232 MAM
similarly situated                :
                                  :
                v.                :
                                  :
AMERICAN STANDARD COMPANIES, INC., :
MASCO CORPORATION, DELTA FAUCET   :
COMPANY and GROHE AMERICA, INC.   :
_____
```

### PRETRIAL ORDER NO. 1

AND NOW, this 29th day of March, 2005, whereas the plaintiffs have filed Complaints (the "Complaints") in the above-referenced actions for alleged violations of the antitrust laws involving prices of plumbing fixtures sold in the United States pursuant to Section One of the Sherman Act, 15 U.S.C. §1; whereas the defendants intend to resist such allegations; and whereas the plaintiffs and defendants believe consolidation of the Complaints will avoid unnecessary costs and promote the efficient conduct of proceedings, IT IS HEREBY ORDERED that:

### I.   CONSOLIDATION

1.   The Complaints are consolidated pursuant to Fed. R. Civ. P. 42 (a) for all purposes.  The current actions and those that may be consolidated with the current actions are collectively referred to as In re Bath and Kitchen Fixtures Antitrust Litigation.  This Pretrial Order No. 1 (the "Order") shall apply as specified to each case that relates to the Bath and Kitchen Fixtures Antitrust Litigation that is subsequently

filed in this Court or transferred to this Court and is
consolidated with the Complaints.

2.    The terms of this Order shall not have the effect of
making any person, firm or corporation a party to any action in
which he, she or it has not been named, served or added as such,
in accordance with the Federal Rules of Civil Procedure.  The
terms of this Order and the consolidation ordered herein shall
not constitute a waiver by any party of any claims in or defenses
to any of the actions.

## II.        MASTER FILE AND DOCKET

3.    A Master File Docket is hereby established for this
proceeding.  The Master Docket number shall be 05-cv-00510 MAM.
One docket will be maintained for these actions with all entries
to be docketed under the consolidated lead case number 05-cv-
00510 MAM.  If a document pertains to only one or some of the
member cases, it will be docketed on the consolidated case with a
notation in the docket text as to the case numbers to which it
pertains.

4.    An original of this Order shall be filed by the Clerk
in the Master File and in the files for each of the actions and
every action subsequently consolidated herein.

5.    The Clerk shall mail a copy of this Order to all
counsel of record in any related Bath and Kitchen Fixtures
Antitrust Litigation action.

6.    Every pleading filed in the Bath and Kitchen Fixtures

Antitrust Litigation shall bear the following caption:

_____
                                           :
In re BATH AND KITCHEN FIXTURES            :   MASTER DOCKET NO.
ANTITRUST LITIGATION                       :   05-cv-00510 MAM
_____  :

THIS DOCUMENT RELATES TO:
ALL ACTIONS

7.    When a pleading is intended to be applicable to all

actions to which this Order is applicable, the words "All

Actions" shall appear immediately after or below the words "This

Document Relates To" in the caption set out above.  When a

pleading is intended to be applicable only to some, but not all,

of such actions, the separate caption and docket number for each

individual action to which the pleading is intended to be

applicable shall appear immediately after or below the words

"This Document Relates To" in the caption set out above.

8.    When a pleading is filed and the caption, pursuant to

the foregoing, shows that it is applicable to "All Actions", the

Clerk shall file such pleading in the Master File and note such

filing in the Master Docket.  No further copies need to be filed

or docket entries made.

9.    When a pleading is filed and the caption, pursuant to

the foregoing, shows that it is applicable to fewer than all of

the actions consolidated in the Bath and Kitchen Fixtures

Antitrust Litigation, the Clerk needs to file such pleadings only

in the Master File but nonetheless shall note such filing in both

the Master Docket and the docket of each such action.

10.   This Court requests the assistance of counsel in

calling to the attention of the Clerk of this Court the filing or

transfer of any case that might properly be consolidated as part

of In re Bath and Kitchen Fixtures Antitrust Litigation, Master

Docket No. 05-cv-00510 MAM.

11.   When a case involving allegations that defendants

unlawfully agreed, combined or conspired to fix, raise, maintain

or stabilize the prices of plumbing fixtures sold in the United

States is hereinafter filed in this Court or transferred from

another court, the Clerk of this Court shall:

(a)   file a copy of this Order in the separate file for
       such action;

(b)   mail a copy of this Order to the attorneys for the
       plaintiff(s) in the newly-filed or transferred
       case and to any new defendant(s) in this newly
       filed or transferred case; and

(c)   make the appropriate entry in the Master Docket
       for In re Bath and Kitchen Fixtures Antitrust
       Litigation, Master Docket No. 05-cv-00510 MAM.

12.   Each case that involves allegations that defendants

unlawfully agreed, combined or conspired to fix, raise, maintain

or stabilize the prices of plumbing fixtures sold in the United

States which was previously or is subsequently filed in this

Court or transferred to this Court, shall be consolidated with

the Bath and Kitchen Fixtures Antitrust Litigation and this Order

shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.  Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any previously filed or transferred related action.

### III.        ORGANIZATION OF PLAINTIFFS' COUNSEL

13.  The Court appoints Warren Rubin of the Law Offices of Bernard M. Gross, P.C., 1515 Locust Street, 2nd Floor, Philadelphia, PA 19102; Joseph C. Kohn of Kohn, Swift & Graf, P.C., One South Broad Street, Suite 2100, Philadelphia, PA 19107; Gerald J. Rodos of Barrack, Rodos & Bacine, 3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103 and Steven A. Asher of Weinstein Kitchenoff & Asher LLC, 1845 Walnut Street, Suite 1100, Philadelphia, PA 19103 as Lead Counsel for the Plaintiffs.

14.  Plaintiffs' Lead Counsel shall be responsible for coordinating and organizing plaintiffs in the conduct of this litigation and, in particular, shall have the following responsibilities:

> (a)  To brief and argue motions and file opposing briefs in proceedings initiated by other parties;

(b)  To initiate and conduct discovery proceedings;

(c)  To act as spokesperson at pretrial conferences;

(d)  To negotiate with defense counsel with respect to settlement and other matters;

(e)  To call meetings of plaintiffs' counsel when appropriate;

(f)  To make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

(g)  To conduct trial and post-trial proceedings;

(h)  To consult with and employ experts;

(i)  To perform such other duties and undertake such other responsibilities as they deem necessary or desirable; and

(j)  To coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph.

15.  No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Plaintiffs' Lead Counsel.

16.  Plaintiffs' Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel and shall call meetings of and direct and coordinate the activities of plaintiffs' counsel. Plaintiffs' Lead Counsel shall also be responsible for communicating with the Court to coordinate the conduct of the litigation, including the receipt and dissemination of Court orders and notices.  Plaintiffs' Lead Counsel are designated as

the contact persons from plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of this litigation.

17.  All plaintiffs' counsel shall submit to Plaintiffs' Lead Counsel a record of the time expended to date in the form set forth by Plaintiffs' Lead Counsel on a monthly basis or on such other schedule as may be established, from time to time, by Plaintiffs' Lead Counsel.

18.  Defendants shall effect service of papers on plaintiffs by serving a copy of same on Plaintiffs' Lead Counsel by overnight mail, telecopy or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel and defendants' local counsel by overnight mail, telecopy or hand delivery.

19.  The terms of this Order and the appointment of Plaintiffs' Lead Counsel shall not constitute a waiver by defendants of any defenses they may have to (a) the substantive allegations contained in the Complaints or any Consolidated Amended Complaint hereafter filed, and (b) the propriety of class certification, including any defenses or objections under Rule 23 of the Federal Rules of Civil Procedure.

## IV.   COMPLAINTS AND RESPONSES

20.  Defendants are not required to respond to the

individual Complaints.  Within 45 days of entry of this Order by the Court Plaintiffs shall file a Consolidated Amended Complaint. Defendants shall answer, move or otherwise plead in response to the Consolidated Complaint within 45 days of service.  In the event that defendants file a motion, plaintiffs shall have 30 days from the date of service to respond to the motion. Defendants may file a reply within 21 days thereafter.

## V.       ADMISSION OF COUNSEL

21.  Pro hac vice motions shall not be required for counsel of record who are currently members in good standing of the bar of any state or federal court.

                              BY THE COURT:


                              /s/ Mary A. McLaughlin

                              MARY A. McLAUGHLIN, J.